**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Rita Maldonado Alania,

Plaintiff,

v.

The Republic of Peru,

Defendant.

Case No. 2:26-cv-01788-GMN-BNW

**ORDER AND REPORT AND RECOMMENDATION**

Pro se Plaintiff Rita Maldonado Alania, also known as Rita Colón, is a pretrial detainee at the Clark County Detention Center. Plaintiff submitted a civil rights complaint (ECF No. 1-1) and an application to proceed in forma pauperis (ECF No. 1). She submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed in forma pauperis will be granted subject to the provisions of the Prison Litigation Reform Act.

This Court now screens her complaint as required by 28 U.S.C. § 1915(e)(2) and recommends that the complaint be dismissed without prejudice and without leave to amend for lack of subject matter jurisdiction.

## I. SCREENING STANDARD

Upon granting a request to proceed in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

Federal courts are also courts of limited jurisdiction and must dismiss an action if they determine at any time that they lack subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## II. PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff alleges that she was extradited from Peru to the United States to face a murder charge in Nevada. ECF No. 1-1 at 7. She alleges that, although the Peruvian Constitutional Court had ordered that her habeas corpus petition challenging the extradition be admitted for processing, Peru's executive branch approved the extradition by Supreme Resolution and surrendered her while that proceeding remained pending. *Id.* The Constitutional Court later found the petition unfounded in December 2020. *Id.* at 8. She also alleges that she was drugged before her surrender so that she could not resist and that, after she arrived, the State of Nevada charged her with offenses that were not part of the extradition request. *Id.* at 14–15.

Plaintiff names only the Republic of Peru as a Defendant. *Id.* at 2. She asserts two claims under the Peruvian Constitution, the American Convention on Human Rights, and the Fifth and Fourteenth Amendments: (1) the "irregular execution and wrongful use of legal process" in her extradition, and (2) intentional infliction of emotional distress. *Id.* at 5, 16. She invokes 28 U.S.C. §§ 1330 and 1350, 42 U.S.C. § 1983, and the non-commercial tort exception of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605(a)(5). *See generally* ECF No. 1-1. She seeks declaratory and injunctive relief, and compensatory and punitive damages. *Id.* at 18.

/ / /

/ / /

## III. DISCUSSION

### A. Foreign Sovereign Immunity

The Republic of Peru is immune from suit, and this Court therefore lacks subject matter jurisdiction over this action.

The Foreign Sovereign Immunities Act (FSIA) is the general basis for obtaining jurisdiction over a foreign state in the courts of the United States. *Exxon Mobil Corp. v. Corporacion Cimex, S.A. (Cuba)*, 609 U.S. 108, 119 (2026). A foreign state is generally immune from the jurisdiction of federal and state courts unless one of the FSIA exceptions applies.[1] *Id.* at 116.

Because the FSIA governs suits against foreign sovereigns which assert general causes of action, Plaintiff's reliance on 42 U.S.C. § 1983 and the Alien Tort Statute, 28 U.S.C. § 1350, does not provide an independent basis for jurisdiction over her claims. *Exxon*, 609 U.S. at 119–20 (citing *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 438 (1989)). The Republic of Peru is a foreign state. *See* 28 U.S.C. § 1603(a). So, the question is whether an FSIA exception applies.

Plaintiff invokes only the non-commercial tort exception. That exception removes immunity in cases "in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment." 28 U.S.C. § 1605(a)(5).

/ / /

---

[1] In *Exxon*, the Court held that the Helms-Burton Act abrogates the foreign sovereign immunity of Cuban agencies and instrumentalities, so plaintiffs suing those entities under the Act need not satisfy an FSIA exception. *Exxon*, 609 U.S. at 111–12. The Court reaffirmed, however, that the FSIA continues to govern suits against foreign sovereigns under general causes of action. *Id.* at 119–20. Plaintiff does not sue under the Helms-Burton Act, so the FSIA applies.

The non-commercial tort exception does not apply here. Every act Plaintiff attributes to Peru took place in Peru. As for the conduct Plaintiff alleges took place in the United States, such as the filing of new charges after her arrival, she attributes these actions to the State of Nevada and the United States—who are not named as defendants. That conduct cannot bring Peru within the exception. *See Argentine Republic*, 488 U.S. at 439. This exception also excludes "any claim arising out of … abuse of process." 28 U.S.C. § 1605(a)(5)(B). Plaintiff's first claim, which challenges the "wrongful use of legal process" in her extradition, is thus excluded on those grounds as well.

By its terms, the non-commercial tort exception applies only to cases "not otherwise encompassed in paragraph (2)," the commercial activity exception. *Id.* That exception removes immunity in actions "based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." 28 U.S.C. § 1605(a)(2).

The commercial activity exception does not apply either. Each clause requires that the action be based upon commercial activity. But Peru's decision to grant extradition and its surrender of Plaintiff were exercises of sovereign power, not commercial acts. *See Saudi Arabia v. Nelson*, 507 U.S. 349, 361 (1993). As a result, this Court lacks jurisdiction over each of Plaintiff's claims and the relief she seeks.

Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Amendment would be futile here. Because this Court lacks subject matter jurisdiction, this Court recommends that Plaintiff's complaint be dismissed without prejudice but without leave to amend.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed in forma pauperis (ECF No. 1) is **GRANTED.**

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Clark County Detention Center will pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Rita Maldonado Alania, also known as Rita Colón, # 3001818 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.

**IT IS FURTHER ORDERED** that the Clerk of Court will send a copy of this order to the attention of the immediate custodian at the Clark County Detention Center, at 330 S. Casino Center Blvd., Las Vegas, NV 89101.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that the Clerk of Court will detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS THEREFORE RECOMMENDED** that Plaintiff's complaint (ECF No. 1-1) be **DISMISSED** without prejudice for lack of subject matter jurisdiction and without leave to amend.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## V. NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 29, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE